1  Lolita Harrison

2  9428 E Sutton Drive

3  Scottsdale, AZ 85260

4  Telephone: 480-253-1974

5

6  Pro Per Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9

10                        DISTRICT OF ARIZONA

11

12

13                                    )  Case No.:   CV-18-3056-PHX-SPL
                                      )
14                                    )
                                      )
15  Lolita Harrison,                  )  COMPLAINT TO
                                      )  DISABIITY     DISCRIMINATION,
16          Plaintiff,                )  FAILURE   TO   ACCOMMODATE,
                                      )  WRONFGUL      TERMINATION,
17  vs.                               )  RETALIATION            AND
                                      )  COMPENSATORY  AND  PUNITIVE
18  Honeywell International Inc.       )  DAMAGES

19          Defendant

20  _____

21          Pursuant to F. R. C. P. 3 and 4, Plaintiff, Lolita Harrison, ("hereinafter", Plaintiff) hereby

22  files this Complaint against Honeywell International Inc. Plaintiff alleges and brings this action

23  to Disability Discrimination, Failure to Accommodate, Wrongful Termination, Retaliation and

24  Compensatory and Punitive Damages.

25          **RESPECTFULLY SUBMITTED**, this 27th day of September, 2018

26

27          /s/Lolita Harrison
            Pro Per Plaintiff

28

**THE PARTIES**

1.  Plaintiff, Lolita Harrison, is an Arizona resident, located at 9428 E. Sutton Drive, Scottsdale, Arizona 85260.

2.  Defendant, Honeywell International Inc. Honeywell, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware. Honeywell maintains its corporate headquarters and principal place of business in Morris Plains, New Jersey, which also serves as the location where Honeywell performs the vast majority of its executive and administrative functions.

**VENUE AND JURISIDICTION**

3.  U. S District Court, State of Arizona

4.  The presence of at least one claim over which the district court has original jurisdiction.

5.  Based on the foregoing, Honeywell is not a citizen of the State of Arizona. Therefore, complete diversity exists among and between Plaintiff and Honeywell. This court has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs. Plaintiff's Complaint seeks "compensatory damages in the amount of $250,000 and punitive damages in the amount of $250,000." This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein.

6.  Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. Hertz

Corp. v. Friend, 559 U.S. 77 (2010). The Court held that the "principal place of business [as set forth in section 1332(c)] is best read as referring to the where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." Id. at 93; see also Montrose Chemical v. American Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administration functions).

## GENERAL ALLEGATIONS

7. Defendant denied Plaintiff Accommodation to Disability on February 19, 2018, and Plaintiff was retaliated against for this request and terminated on March 30, 2018 while on Family Medical Leave Act and Short Term Disability.

8. On February, 19, 2018; Plaintiff requested Reasonable Accommodation for this Disability as disclosed by its physician in a documented letter. Plaintiff then following protocol sent this request to Human Resources Manager. Plaintiffs request was denied. Plaintiff then contacted the ADA Council on Disabilities State of Arizona ("hereinafter", ADA) to access the brevity of the disability and to gain better understanding if it in fact is a valid disability under Federal Law; the ADA confirmed and stated that it's a valid disability.

9. Plaintiff contacted Equal Employment Opportunity Council ("hereinafter", EEOC) to access the brevity of the disability and to gain better understanding if it in fact is a valid disability under Federal Law; the EEOC confirmed and stated that it's a valid disability; a Charge No. 540-2018-02505 was issued by the EEOC . The charge was presented to the EEOC which investigated it, Plaintiff requested and entered a "Dismissal and Notice of Rights" on August 1, 2018, notifying Plaintiff of his right to

sue within 90 days of his receipt of the notice. Plaintiff is commencing this action on September 27, 2018, alleging that Defendant discriminated against her due to his disability in violation of the Americans with Disabilities Act ("ADA") and discriminated against her and retaliated against her.

10. Plaintiff has a separate Court action against Defendant filed on March 29, 2018 to unrelated allegations, Case No. CV-18-990-PHX-DLR.

11. Defendant had no valid reason to terminate and discharge the Defendant on March 28, 2018, while on Federal Disability leave ("*hereinafter*", FMLA/STD) other than for the reason of Retaliation. Plaintiff has been unable to find gainful employment to date since this act of Retaliation on a temporary or permanent basis.

12. Defendant's action to Disability Discrimination and Retaliation has negatively affected Plaintiff, is affected adversely and economically and has caused severe, financial burden and hardship, sleepless nights, embarrassment, severe mental, emotional stress and physical pain.

## CLAIMS FOR RELIEF

## CLAIM ONE

13. Plaintiff claims relief that the Defendant discriminated against her disability. Plaintiff has an impairment which substantially limits one or more major life activities, as per the ADA, and Plaintiff does have a record of such impairment, and that Plaintiff does have such impairment.

## CLAIM TWO

14. Plaintiff claims relief that the Defendant, unlawfully denied her disability accommodation, this disability accommodation as disclosed by her Physician required her to be absent from work for approximately four months from February 12, 2018.

15. Plaintiffs Doctor issued a return to work letter (with limitations) for a return to work

1    date of June 9, 2018.

2    **CLAIM THREE**

3    16. Plaintiff claims relief that the Defendant wrongfully terminated her during her

4    FMLA/STD Leave on March 28, 2018.

5    **CLAIM FOUR**

6    17. Plaintiff claim for relief that the Defendant retaliated against her for her disability and

7    being out of leave by issuing this termination.

8    **CLAIM FIVE**

9    18. Plaintiff claim for relief that the Defendant is liable to Damages to Plaintiff for its

10   negligent, egregious and malicious actions to the Plaintiff as follows:

11   19. Defendant is liable for Back pay from April 27, 2018 to final litigation or settlement

12   date of this matter.

13

14   20. Defendant is liable and was to uphold and to maintain Health Insurance to the

15   Plaintiff per the Family Medical Leave Act laws and should be held responsible to

16   pay any outstanding and current physical therapy and medical bills.

17   21. Defendant is liable to pay loss of wages to two year's salary at $95,000.00 (inclusive

18   of loss of benefits, loss of bonus opportunities, and loss of future earnings capacity).

19   $190,000.00, due to its liability and negligence and breach of contract.

20

21   22. Defendant is liable to Compensatory Damages of $250,000.

22   23. Defendant is liable to Punitive Damages of $250,000.

23

24   **LEGAL ANALYSIS**

25   Noting that ADA incorporates by reference the powers, remedies, and procedures set

26   forth in Title VII, which requires employees claiming discrimination to file a charge with the

27   appropriate administrative agency, and bars suits until the employee has received a right-to-sue

28

letter and that before filing ADA action against employer, employee must file timely EEOC

charge and receive right-to-sue letter. *See:  McSherry v. Trans World Airlines, Inc., 81 F.3d 739,*

*740 n. 3 (8th Cir. 1996)*

Plaintiff in this Complaint asserts valid federal claims under the Family Medical Leave

Act (FMLA), 29 U.S.C. § 2601 et seq., and the Americans with Disabilities Act (ADA), 42

U.S.C. § 12101 et seq. See: *Osborn v. E.J. Brach, Inc., 864 F.Supp. 56, 58 (N.D.Ill. 1994)* ();

A valid disability exists here and Plaintiff's claim of actual disability falls within the

scope of a claim of perceived disability made in the charge. *See Mayers v. Washington Adventist*

*Hospital, 131 F.Supp.2d 743, 748 (D.Md. 2001) aff'd, 22 Fed.Appx. 158 (4th Cir. 2001).*

As stated there: "[I]t could be reasonably expected that an EEOC investigation would

discover that plaintiff actually suffered from . . . the asserted disability, not only that her

employer regarded her as suffering from [the disability]." Mayers, 131 F.Supp.2d at 748

(emphasis in original)

The law states that in  reviewing a complaint or motion brought pursuant to

Fed.R.Civ.P. 12(b)(6), the court "must accept all the well-pleaded allegations of the

complaint as true and must construe them in the light most favorable to the plaintiff."

*See: Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting*

*David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)).*  And the

complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)*

*(quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).*

Additionally, in order to establish a claim for FMLA interference, plaintiff must

demonstrate that she (1) was entitled to FMLA leave, (2) that some adverse action by her

employer interfered with his right to take such leave, and (3) that the employer's action

1   was related to the exercise of his FMLA rights. *Campbell v. Gambro Healthcare, Inc.,*

2   *478 F.3d 1282, 1287 (10th Cir. 2007).*

3

4   Herein the Plaintiff can show and  is correct, that an FMLA interference claim can

5   be found and is based upon the adverse action of termination. ***See Smith v. Diffee Ford-***

6   ***Lincoln-Mercury, Inc., 298 F.3d 955, 960-61 (10th Cir. 2002) (plaintiff was fired while***

7   ***taking FMLA leave due to cancer treatment).***

8   Also, in order to support the second element of an interference claim, Plaintiff

9   must provide facts that demonstrate that (1) she was prevented from taking the entirety of

10   the leave proscribed by the FMLA; (2) she was denied reinstatement to his position upon

11   returning from leave; or (3) her employer denied her initial request to take leave.

12   *Campbell, 478 F.3d at 1287.*  Plaintiff has proof that this interference exists.

13

14   Furthermore, Title I of the ADA prohibits discrimination in employment, and

15   provides employees with disabilities with broad protections in the workplace. The statute

16   states: "No covered entity shall discriminate against a qualified individual with a

17   disability because of the disability of such individual in regard to job application

18   procedures, the hiring, advancement, or discharge of employees, employee compensation,

19   job training, and other terms, conditions, and privileges of employment." See 42

20   U.S.C.§12112 (a).

21

22   Concurrently, Under the ADA, it is unlawful for an employer to retaliate against

23   an employee based upon the employee's efforts to exercise his or her civil rights.

24   Specifically, in Title V, the ADA provides: "No person shall discriminate against any

25   individual because such individual has opposed any act or practice made unlawful by this

26   Act or because such individual made a charge, testified, assisted, or participated in any

27   manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. 12203(A)

28

1  The rationale behind this anti-retaliation provision is to provide protection for employees
2  who exercise their civil rights and to promote the full and fair enforcement of the ADA.
3      *In Sanchez v. City of Chicago, 2007 WL 647485 (N.D. Ill. Feb. 28, 2007); the*
4      *court awarded summary judgment to the city on an employee's disability*
5      *discrimination claim, but allowed the plaintiff to proceed with his retaliation*
6      *claim. The court found that the plaintiff engaged in a protected activity –*
7      *requesting accommodations – and was terminated a few weeks later. Based on*
8      *this, a jury could reasonably infer that he was terminated in retaliation for his*
9      *request*
10     In order to prove a retaliation claim, Plaintiff must demonstrate a causal
11 connection between their exercise of a protected activity and the employer's adverse
12 action (e.g. termination).

14     It is shown, the Americas with Disabilities Act (ADA) states protection applies primarily,
15 but not exclusively, to individuals who meet the ADA's definition of disability. Plaintiffs request
16 to Accommodation applied here.

17     **The Americas with Disabilities Act (ADA) states protection applies primarily, but**
18     **not exclusively, to individuals who meet the ADA's definition of disability.**

19     **An individual has a disability if:**

20  1.  **He or she has a physical or mental impairment that substantially limits one or more**
        **of his/her major life activities;**
21  2.  **He or she has a record of such an impairment; or**
22  3.  **He or she is regarded as having such an impairment.**

23     *Individuals with disabilities are protected from employment discrimination by* <u>*Title I of*</u>
24 <u>*the Americans with Disabilities Act*</u> *(ADA) and the* <u>*Rehabilitation Act of*</u>
25 <u>*1973*</u> *(Rehabilitation Act) Under Title I of the* <u>*Americans with Disabilities Act*</u>*, there are three*
26 *areas in which* <u>*reasonable accommodations*</u> *may be needed:*

27

28

8

- *Adjustments to the job application process so a qualified applicant with a disability can be considered for a position;*
- *Modifications to the physical work environment, or to the way a job is usually performed, so an individual with a disability can perform the essential functions of that position; and*
- *Changes that enable an employee with a disability to enjoy equal benefits and privileges of employment like those that are enjoyed by other employees without disabilities. This may include access to cafeterias, lounges, auditoriums and company-provided transportation.*

So what constitutes a *"major life activity"* under the ADA. The regulations, however, make it clear that these are not exhaustive lists, but merely examples that should be considered in determining whether an employee is disabled.

According to the new rules of construction, major life activities now include the operation of major bodily functions, as well as the more traditional list of activities commonly understood as being major life activities.

Acts constituting major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working. The operation of major bodily functions includes the functions of the immune system, special sense organs, and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions.

Arizona law provides that an employer may terminate an employee at any time. The term is called "at-will employment." Even under this type of contract an Employer cannot terminate an Employee if the following exceptions apply to the Employee: However, If the employer has terminated the employment relationship of an employee in violation of a state or federal statute that prohibits discrimination and retaliation.

Defendant has unlawfully discriminated against Plaintiff and violated the laws to ADA, Civil Rights and the law clearly says that, *... in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment actions and other discriminatory decisions is a pretext for another motive which is discriminatory." McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) - Additional case law; Jones v. Honda of America Mfg., No. 3:13–cv–167, 2015 WL 1036382 (S.D. Ohio Mar. 9, 2015). EEOC v. Western Trading Co., Inc., 291 F.R.D. 615 (D. Colo. 2013). Mazzeo v. Color Resolutions Int'l, Inc., 746 F.3d 1264 (11th Cir. 2014).*

## COMPENSATORY/PUNITIVE AND OTHER DAMAGES

Plaintiff is seeking damages Punitive and Compensatory from the Defendant for its Disability Discrimination and Retaliation

*To merit punitive damages, the conduct in an intentional interference with a business relationship case must be egregious and sufficiently reprehensible to rise to the level of truly culpable behavior deserving punishment. See: Bistline v. Rogers, 42 Fla. L. Weekly D706 (Fla. 4th DCA March 29, 2017).*

And;

*"...where, however the act occasioning the injury was inspired by fraud, malice, or like motive, mental suffering is often held to be a proper element of damage". See: Smith, 461USC at 56. In Valley Development Co. v. Weeks; 363P .2d.730,*

And;

*A plaintiff can recover for a defendant's negligent infliction of emotional distress without necessarily proving the existence of physical injury, as long as 1) the defendant negligently engaged in conduct; 2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and 3) the conduct did in fact cause the plaintiff severe emotional distress. Johnson v. Ruark Obstetrics & Gynecology Assoc., P.A., 327 N.C. 283, 304 (1990).*

And;

Congress subsequently passed the Civil Rights Act of 1991, which expands the remedies under the Civil Rights Act of 1964 to include compensatory and punitive damages when the defendant has engaged in "unlawful intentional discrimination." Some courts have held that this provision is broad enough to encompass retaliation *[see Kramer v. Banc of America Securities, 355 F.3d 961 (7th Cir. 2004), Johnson v. Bozarth Chevrolet, 297 F. Supp. 2d 1286 (D. Colo. 2004), Cantrell v. Nissan North America.*

Breakdown of Damages Plaintiff requests Defendant are as follows:
1. Back pay from March 29, 2018 to final litigation or settlement date of this matter
2. Any outstanding and current physical therapy and medical bills.
3. Pay loss of wages to TWO year's salary at $95,000.00 (inclusive of loss of benefits, loss of bonus opportunities, and loss of future earnings capacity). $190,000.00.
4. Compensatory damages of $250,000.00.
5. Punitive damages of $250,000.00.

*Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a pattern directed at the*

1  *public generally, Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY*
2  *2006).*
3
4  ### PRAYER FOR RELIEF
5  **WHEREFORE**, Plaintiff respectfully request that to the Court enter a judgment
6  according to the relief sought and award Plaintiff its breakdown of damages as stated herein an
7  any costs associated to attorney's fees in this action.
8  Additionally, that the Court enters other such further relief to which Plaintiff may be
9
10  entitled as a matter of law or equity, or which the Court determines to be just and proper.
11  **RESPECTFULLY SUBMITTED**; this 27th day of September, 2018.
12  /s/Lolita Harrison
13  Pro Per Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2018. I served the attached by authorized

Process Server on:

**Honeywell International Inc.**
**c/o Corporation Service Company – Statutory Agent**

13

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Lolita Harrison | From: Phoenix District Office |
|---|---|
| 9428 East Sutton Dr. | 3300 North Central Ave |
| Scottsdale, AZ 85260 | Phoenix, AZ 85012 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2018-02505 | Jeremy A. Yubeta, Enforcement Supervisor | (602) 640-5028 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Elizabeth Cadle,
District Director

AUG 01 2018
(Date Mailed)

Enclosure(s)

cc: HONEYWELL INTERNATIONAL INC
c/o Leah Freed
Ogletree Deakins
2415 E Camelback Rd, Suite 800
Phoenix, AZ 85016

---

# Honeywell
THE POWER OF CONNECTED

Lisa M. Bickel
Chief HR Counsel
Aerospace

Honeywell
1944 E. Sky Harbor Circle North
Phoenix, AZ 85034

Phone 602-365-7768
Lisa.Bickel@honeywell.com

March 30, 2018

Via FEDERAL EXPRESS

Lolita Harrison
9428 E. Sutton Dr.
Scottsdale, AZ 85260

Re: **Notice of Termination**

Dear Lolita:

This letter serves as notice that your employment with the Company is terminated, effective immediately, based upon your failure to cooperate with an internal investigation. After several unsuccessful attempts to reach you by telephone and email, Honeywell's Senior HR Manager, Gretchen Pilon, sent you a written request to contact her regarding the investigation. By letter dated March 28, 2018 and delivered on March 29 at 10:20 a.m., you were advised to contact Ms. Pilon within 24 hours of your receipt of the letter. To date, you have not contacted Ms. Pilon. Pursuant to the Code of Business Conduct, your refusal to cooperate with the Company's internal investigation warrants termination of your employment.

The Company will send a courier to your home to collect all Company property in your possession, including your laptop, keys and badge, **at 3:00 p.m. on Monday, April 2, 2018.** It is imperative that you cooperate with the Company's efforts to obtain its property. Please be advised that, should you fail to return all Company property in your possession, the Company will avail itself of all legal remedies available to recover its property.

The personal items you left in the office will be sent to you via Fed Ex for delivery on Wednesday April 4, 2018.

Very truly yours,

Lisa M. Bickel

Cc: Oscar Chavez
Personnel File



**Honeywell**
THE POWER OF CONNECTED

Lisa M. Bickel
Chief HR Counsel
Aerospace

Honeywell
1944 E. Sky Harbor Circle North
Phoenix, AZ 85034

Phone 602-365-7768
Lisa.Bickel@honeywell.com

April 3, 2018

Via US Mail

Lolita Harrison
9428 E. Sutton Dr.
Scottsdale, AZ 85260

Re: Notice of Termination

Dear Lolita:

We attempted to send the enclosed letter to you via Fed Ex overnight for delivery on Saturday, March 31, 2018. Because you were not available to sign for the delivery, Fed Ex was unable to deliver the letter to you. Accordingly, we are providing the letter to you via U.S. Mail. It is imperative that we obtain all Company property in your possession, including your laptop, keys and badge. The Company will send a courier to your home office. Please be advised that, should you fail to return all Company property in your possession, Honeywell will avail itself of all legal remedies available to recover its property.

Very truly yours,

Lisa M. Bickel

Cc:  Oscar Chavez
     Personnel File

---

**Cigna**

03/05/2018

Plan/Policy Number:  SHD 985213/ SHD 985223
Plan/Policyholder:  Honeywell International Inc.
Administered By:  Life Insurance Company of North America

FML Leave ID#: 3439060015683

Re: Acknowledgement of Request for Leave Eligibility Notice

Dear Lolita O Harrison,

We received your leave of absence request for Employee Health Condition.

**Your Eligibility Status**

The grid below provides a visual breakdown of your available leave plan(s) and the eligibility status for each. If you have questions about your available leave plans, please give us a call at 1.877.258.3699 option 6, Monday through Friday 8 a.m.- 8 p.m.Eastern Time.

| Plan | Absence Type | From | Through* | Eligibility | Reason |
|---|---|---|---|---|---|
| FMLA | Continuous Leave | 02/12/2018 | 03/25/2018 | Ineligible | Min 12 Non-Continuous Months of Service by Leave End Not Met |
| STD | Continuous Leave | 02/12/2018 | 03/25/2018 | Pending Determination | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date. Please note that being eligible for leave does not mean that your request is approved.*

| Plan | Time Used as of 03/25/2018 * | Time Remaining as of 03/05/2018 * |
|---|---|---|
| FMLA | 0 hour(s) / 0 week(s) | 480 hour(s) / 12 week(s) |
| STD | | |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.*

Sometimes your leave dates or eligibility status can change. If this happens, we want to keep you informed so you will receive an updated copy of this letter. Please look at the grid for the updates. If you have any questions, please give us a call at 1.877.258.3699 option 6, Monday through Friday 8 a.m.- 8 p.m.Eastern Time.

**What you need to do**

- Review this information and contact Cigna with any questions or changes
- Keep your Manager or Supervisor updated on your status
- Respond to Cigna's phone calls and correspondence

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logos, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

- Keep the enclosed Checklist (last page of this letter) for easy reference on your next steps
- If we can't make a decision on your STD/WI claim within 15 days of your leave start date, we may need to certify your federal and/or state Family and Medical leave laws (FML) separately. We'll let you know if we need anything from you.

**Additional Information**

We may contact Dr. norman  Bizon once your leave begins to obtain medical information necessary to evaluate your Short Term Disability or Weekly Indemnity claim. If we do not receive the requested information, our review may be delayed or we may make a decision based on the information in our file. We will make reasonable efforts to obtain this information. We encourage you to contact your health care professional(s) to ensure they provide a quick response. We will contact you every 30 days to update your status or immediately following a decision. Per the terms and conditions of your employer's paid leave policies, if you have a concurrent STD/WI/FML leave and your STD/WI is denied you have the option to use your accrued paid time off, otherwise during this time, you will be placed in an unpaid status, until an approval is determined, if applicable. In addition, if your STD/WI claim is denied and you have no accrued time off, you will remain in an unpaid status until you return to work.

If you'd like to see your leave information, please log on to www.mycigna.com, and click "Claims" under the "Manage Claims and Balances" tab. On this page, click on "Request or Check a Leave of Absence" on the right column on your screen.

Remember, we're here if you need us.  If you have any questions about Short Term Disability/Weekly Indemnity or Family Medical Leave, please call us at 1.877.258.3699 option 6, Monday through Friday 8 a.m.-8 p.m.Eastern Time.

Sincerely,

Cigna Leave Solutions®

Enclosures:
Frequently Asked Questions and Important Information
FMLA Notice of Rights
Honeywell International Health Resource Insert

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

Valere
Cigna
PO Box 22221
Phoenix, AZ 85028-9221

Phone 800.238.2125
Fax 866.472.3221
www.mycigna.com

**Cigna Group Insurance**
Life • Accident • Disability
Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

We are evaluating your patient's disability claim. Please respond to the following questions.
Please provide copies of supporting reports, such as office notes/consultations/testing.

LOLITA O HARRISON
9428 E SUTTON DRIVE
SCOTTSDALE, AZ 85260

March 06, 2018

**Name:** Lolita O Harrison
**Incident Number:** 10546661-01
**Plan Number:** SHD-0985213
**Plan Name:** Honeywell International, Inc.
**Administered By:** Life Insurance Company of North America

Dear Harrison:

This letter is regarding your Short Term Disability (STD) claim. We have completed our initial review and are unable to make a determination based on the information submitted.

At this time, we need medical information regarding your diagnosis and functional abilities in order to determine whether you satisfy the definition of disability as defined under your plan.

We are contacting Dr. Bizon to obtain the information necessary to continue the evaluation of your claim. Under your employer's disability plan, you are responsible for ensuring we receive the requested information within 45 days of the request. While we will make efforts to obtain this information, you can help by encouraging those we have contacted to cooperate and respond to us quickly.

If we do not receive the requested information necessary for this review by April 25, 2018, it may result in an extension of the time period required to make a decision, or our decision may be based on the available information on file. We will contact you in 30 days, and every 30 days thereafter, to update you on the status of our evaluation, and will notify you once a determination is made.

Enclosed you will find a copy of the Telephonic Report of Claim form. This form was completed based on information you provided during the telephonic submission of your claim. If any of the information stated on the Telephonic Report of Claim form is incorrect, please contact me at the number below. Otherwise, no call is necessary and this form should be retained for your records.

We may be unable to obtain the above information without a signed authorization to release information. Please sign and return the enclosed Disclosure Authorization form to the return address provided as soon as possible. To expedite the processing of your claim, please fax the authorization to my attention at 866.472.3221.

*"Cigna", and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.*



---

**Disability Management Solutions℠**
**Medical Request Form**

CIGNA Group Insurance
Life • Accident • Disability
Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

We are evaluating your patient's disability claim. Please respond to the following questions.
Please provide copies of supporting reports, such as office notes/consultations/testing.

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by the GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Claimant Name: Lolita O Harrison | Date of Birth:

**What is the primary diagnosis?**
Inflammatory arthritis MBD, Inflammatory bursitis MTB-LL

**What is the ICD-9 code?** MBD, MTB-LL

**What are the specific additional factors impacting return to work, if any?**
inability to sit for prolonged periods without severe sharp painful mobility.

Is this condition work related? ☐ Yes ☑ No

**When did you first treat your patient for this impairment prior to this current impairment episode?** 3/1/18
Have you treated your patient for this episode? ☐ Yes ☑ No   If yes, when?

Date of last visit: 3/20/18   When is your patient's next office visit? 4/20/18

**Does treatment plan for this impairment episode include any of the following?** (Please list as appropriate and provide supporting documentation)
☑ Physical Therapy: ___   ☐ Electrodiagnostic Studies: ___
☐ Surgery: ___   ☑ Imaging Studies: X-rays
☑ Specialty Referral: Orthopedic Surgery   ☐ Other: ___

**Please list all current medications that are related to this impairment or impact return to work.** (Please include dosage and frequency)
More.

**What are the specific restrictions that you have placed on your patient?**
At Work: No sitting for more than an hour at a time.
Without Restrictions: ☐
At Home (Activities of Daily Living): No heavy lifting more than 25 lbs.

**Could your patient return to work at this time if accommodations were made for the listed restrictions?** ☑ Yes ☐ No
If no, why not? Work from home.

If no, based on your experience, what is your best estimate of when your patient can return to work?
With Restrictions: 4/20/18   Without Restrictions: ___

**Physician Name:** (Please print) Norman Bizon   PA-C
**Address:** (Street, City, State, Zip Code) 9191 E Bell Rd Scottsdale AZ 85260
**Telephone Number:** (480) 860 5511   **Fax Number:** ___   **Federal Tax ID #:** ___
**Physician Signature:** ___   **Date:** 3/20/18

  

Cigna

Valerie
Cigna
PO Box 22221
Phoenix, AZ 85028-9221

Phone 800.238.2125
Fax 866.472.3221
www.mycigna.com

DR. BIZON
8757 E. BELL RD
SCOTTSDALE, AZ 85260

March 06, 2018

Name:                Lolita O Harrison
Incident Number:     10546661-01
Plan Number:         SHD-098S213
Plan Name:           Honeywell International, Inc.
Administered By:     Life Insurance Company of North America

Dear Dr. Bizon:

We are reviewing the Short Term Disability claim for your patient Lolita Harrison. Your patient's date of birth is December 15.

Your patient works for Honeywell International, Inc. Honeywell International, Inc. may be able to implement accommodations in the workplace to facilitate Lolita Harrison's return to modified or part time work.

In order to review your patient's eligibility for STD benefits and potential for return to modified or part time work, please provide the following information:

Complete copies of office visit notes from 2/9/18 to present

Hospital Intake/Discharge summaries

Operative Report(s)

Test results/findings (for example- MRI's, EKG's, x-ray's, etc)

Treatment plan (including meds, frequency of treatment, referrals, Physical Therapy, etc.)

Medical Request form (attached)

Restrictions and limitations that prevent(ed) patient from returning to work

Estimated return to work date OR date patient was released to return to work

---

March 06, 2018
Page 2

IMPORTANT: Please don't send an "off" note. It's not sufficient documentation for us to support disability.

Upon receipt of this information we will contact Honeywell International, Inc. to discuss potential workplace accommodations that may allow Lolita Harrison to return to modified or part time work. Please address the following:

1. Is Lolita Harrison currently able to return to work full time, full duty?
Yes ___ No ✓ Effective Date: 2/12/18

2. If Lolita Harrison is not currently able to return to work full time, full duty, can she return to work with accommodations?
Yes ✓ No ✓ Effective Date: 2/12

3. If Lolita Harrison is able to return to work with accommodations please provide his specific restrictions, including work hours.
ability to work from home _____

4. If Lolita Harrison is unable to return to work with accommodations please provide an estimated date for when he will be able to return to work with accommodations. N/A ,

Effective Date: _____

5. If Lolita Harrison is able to return to work part time, please specify the following:
Maximum hours/day: _____ Maximum hours/week: _____ Effective Date: _____
Please provide the anticipated duration of restricted duty.
_____ Days / Weeks / Months / Permanent

6. Please provide additional information that you believe to be helpful for your patient to return to work.
currently working on fixed thyroid and PTSD, currently referred to labs.

7. When is Lolita Harrison's next examination scheduled? Date: 4/6/18

Physician's Signature: _____ Date: 3/30/18

[INSERT ADDITIONAL QUESTIONS AS NEEDED AFTER CONSULTING WITH SCM AND/OR ERG PRIOR TO DRAFTING TO ENSURE APPLICABLE QUESTION(S) ARE BEING ADDRESSED]

Please be advised that if this information is not provided, your patient's ability to return to work may be delayed. Thank you for your time and continued efforts in assisting us with our evaluation of disability benefits for your patient.



Cigna™

STD Claim Manager: Audrey Isaac
Phone: 888.842.4462

03/23/2018

Plan/Policy Number: SHD 985213/ SHD 985223
Plan/Policyholder: Honeywell International Inc.
Administered By: Life Insurance Company of North America

STD Incident #: 10546661
FML Leave ID#: 343906015683

Re: Leave Status Determination

Dear Lolita O Harrison,

We received your leave of absence request for Employee Health Condition.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|---|---|---|---|---|---|
| FMLA | Continuous Leave | 02/12/2018 | 04/30/2018 | Ineligible | 12 Non-Continuous Months of Service by Leave End Not Met until 05/01/2018 |
| FMLA | Continuous Leave | 05/01/2018 | 05/14/2018 | Approved | |
| STD | Continuous Leave | 02/12/2018 | 03/25/2018 | Approved | |
| STD | Continuous Leave | 03/26/2018 | 05/14/2018 | Pending Determination | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date.

| Plan | Time Used as of 03/23/2018 * | Time Remaining as of 03/23/2018 * |
|---|---|---|
| FMLA | 0 hour(s) / 0 week(s) | 480 hour(s) / 12 week(s) |
| STD | | |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

Short Term Disability or Weekly Indemnity benefits have been approved as shown above. You will be notified if there are any changes.

Please be aware that Cigna does not share information about your medical condition with the company for any purpose other than to manage your FMLA request or STD and/or LTD

Page 1 of 3

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

## Referral Form

**ARIZONA SPORTS MEDICINE CENTER**
8630 East Via de Ventura, Suite 201, Scottsdale, AZ 85258
(480) 558-3744  Fax: (480) 558-3801

03/09/2018  04:21 PM
Page 1 of 1
Referral Form

| Authorizing Provider: | Jessica L Juntunen MD | | Service Provider: | External Referral |
| Signing Provider: | Kiri Arnold | | | |
| Phone: | | | Phone: | |
| Fax: | | | Fax: | |
| Patient Name: | Lolita Harrison | | DOB: | ██████ |
| Home Phone: | | | Sex: F | Age: ██ |
| Work Phone: | | | | SSN: |
| Resp. Provider: | Jessica L Juntunen MD | | | |

| Primary Ins: | CIGNA |
| Group: | |
| Policy: | 3173152 |
| Insured ID: | U2247430501 |

| Code | Description |
| PT 2x4 Weeks | PT 2x Week - 4 Weeks |

**Diagnoses**
TROCHANTERIC BURSITIS, BILATERAL (ICD10-M70.60)
(ICD10-M70.60)
OSTEOARTHRITIS, HIPS, BILATERAL (ICD10-M16.0)
(ICD10-M16.0)

Order Number: 955121-1
Auth#:
Maximum Visits: 12
Start Date: 03/09/2018      End Date: 04/06/2018
Duration: 4 Weeks
Electronically signed by: Kiri Arnold
Signed on: 3/9/2018 4:21:07PM
Reason: Bilat trochanteric bursitis
Bilat mild hip OA w/ possible underlying FAI
Probable lumbar DDD
Glute tendinitis

*Report run by Kiri Arnold*

---

LifeScape

8757 East Bell Road * Scottsdale, Arizona 85260
Phone: 480.860.5500 * Fax: 480.860.5511

## AUTHORIZATION TO RETURN TO WORK/SCHOOL

Name of Patient  Lolita Harrison        reported for medical treatment on

Date  2/9/18        at _____ AM _____ PM

This patient was seen by  AL Brizon PLz

and dismissed at _____ AM _____ PM

This is to certify that _____ may return to school / work:

Part-time _____ and/or Full-time _____
              Date                                    Date

Restrictions/Limitations:  pls allow Ms Harrison to
work from home to protect
at if wishes to allow her schedule
for the ____

Authorized Signature _____  Date 2/9/18

Harrison, Lolita - 107881

General Radiography Report

**XR Hip Complete Bilateral***
BILATERAL HIP WITH PELVIS

HISTORY: Bilateral hip pain for 3 months. No injury.

COMPARISON: None

VIEWS: Hips bilateral 3 view with AP pelvis. CPT 73522.

FINDINGS:

The femoral heads are smooth in contour and normally located. On the oblique views, tiny spurs are noted at the medial aspect of the femoral head neck junction bilaterally. Symmetric superiorly directed to spurs noted at the greater trochanters. The bony pelvis appears normal. Degenerative facet arthropathy the lower lumbar spine.

IMPRESSION:

Subtle degenerative changes in the hips. More prominent degenerative facet arthropathy the lower lumbar spine. Consider lumbar spine radiographs.

URL
This document has an image

**Result Comment by Generated Domain User for 0 on February 16, 2018 8:40 AM MST**
Performed at Scottsdale Medical Imaging Mountain View. (480) 425-5050 Electronically signed by Dr. RONALD DIVINE MD

Charted Date:               February 16, 2018 8:40 AM MST
Subject / Title:            XR Hip Complete Bilateral*
Visit Information:          237672 LIFESCAPE MEDICAL ASSOCIATES PC, Outpatient, 1/11/2018 - 1/11/2018
Contributor system:        LFSC_AZ_ORM_SYS

Printed by:                Flores, Ximena
Printed on:                2/27/2018 9:14 AM MST

1) trochanteric bursitis
2) mild hip osteoarthritis
recommend PT and greater trochanteric bursa steroid injection (Kenavochesni)
3) lumbar degenerative disc disease

Appendix 1

## Reasonable Accommodation Request Form

This form and any other documentation provided pursuant to this policy or the interactive process will be maintained in a secure, separate medical file.

Under the Americans with Disabilities Act, Section 503 of the Rehabilitation Act of 1973 and Section 4212 of the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA), and various state and local laws, an individual is eligible for a reasonable accommodation if (1) he/she is qualified to perform the essential functions of their job and (2) he/she has a qualifying disability that limits a major life activity.  Written documentation from a medical provider verifying the disability and need for accommodation may be required if the disability is not obvious or the requested accommodation is not obviously linked to the disability.

The purpose of this form is to gather initial information about your request for reasonable accommodation.  The Company will engage in an interactive process with you to determine whether a reasonable accommodation is required, and if so, what accommodation is appropriate.  Filling out this form does not guarantee that the requested accommodation will be provided.  The Company's decision to grant you an accommodation does not mean the Company agrees that you have a disability.

### Employee Information

| Name | | EID |
|---|---|---|
| Lolita Harrison | | H243941 |
| Job Title | | Department |
| Aerospace Paralegal | | LC&E |
| SBG/SBU | | Location |
| Aero/Corp | | PHX |
| Telephone | | Email |
| 480-252-1974 | | Lharriso@syr.edu |
| Supervisor's Name | | Telephone | Fax |
| Lisa Bickel | | 602-385-7768 | |

Rev. September 30, 2014

---

Step 1:  Essential Functions of the Job

Be sure you understand the essential functions of your job. An essential function is a work task or requirement that is central to the job and removal of this task or requirement would materially alter the job and/or require another employee to perform the task or meet the requirement.

Following a meeting with your supervisor and Human Resources you should have a list of essential job functions. Essential job functions may include physical requirements, and or mental requirements such as but not limited to understanding and following directions, communication, and decision making.

Step 2: (Employee to complete)

1.) Describe the limitations your disability places on your ability to perform your job. Please identify the job functions it affects and how it limits you.

This temporary disability does not limit my job functions in any way other than its inability to allow me to sit, stand or walk too much. I can mentally manage answering emails and call and attend meetings.

2.) Describe the accommodation you are requesting.

Is to work from home while for 4 weeks while rehabilitating and taking physical therapy to my disability.

3.) How will this accommodation assist you in performing the essential functions and requirements of your job?

This accommodation will enlist in allowing me to fully focus on my job as well as healing and rehabilitating,

Employee Signature

Date 3/30/18

### Step 3: Information from the Physician

Provide your physician with the Essential Functions of your job (Step 1) and your Request for Accommodation (Step 2).

Rev. September 30, 2014

Note to Physician:  Please provide a brief statement within fifteen days of this request that describes:

1.) The nature and severity of the employee's impairment that is the reason for the accommodation request.

Bilat hip and lowback pain restricting mobility

2.) A statement regarding the expected duration of the impairment and the expected duration of the need for accommodation.

total of 10 weeks from initial time off work

3.) A statement describing which, if any, of the essential functions of the position that the employee cannot perform due to their impairment.

sitting for more than an hour at a time.

4.) A statement describing any suggestions that you (the physician) have for accommodations that may enable the employee to perform the essential job functions affected by the employee's impairment.

ability to work from home

Physician's Printed Name: M. Rizzo PA   Office Telephone: 480 860-5500

Specialty: Family Medicine

Office Address: 8757 E Pecos Rd, Scottsdale AZ 85260

Physician's Signature: _____   Date: 3/2/18

Rev. September 30, 2014

## Left document

**Cigna.**

STD Claim Manager: Audrey Isaac
Phone: 888.842.4462

04/10/2018

Plan/Policy Number:  SHD 985213/ SHD 985223
Plan/Policyholder:  Honeywell International Inc.
Administered By:  Life Insurance Company of North America

STD Incident #: 10546661
FML Leave ID#: 343906015683

Re: Leave Status Determination

Dear Lolita O Harrison,

We received your leave of absence request for Employee Health Condition.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|------|-------------|------|----------|--------|--------|
| FMLA | Continuous Leave | 02/12/2018 | 04/30/2018 | Ineligible | 12 Non-Continuous Months of Service by Leave End Not Met until 05/01/2018 |
| FMLA | Continuous Leave | 05/01/2018 | 05/14/2018 | Approved | |
| STD | Continuous Leave | 02/12/2018 | 04/20/2018 | Approved | |
| STD | Continuous Leave | 04/21/2018 | 05/14/2018 | Pending Determination | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date.

| Plan | Time Used as of 04/10/2018 * | Time Remaining as of 04/10/2018 * |
|------|------------------------------|-----------------------------------|
| FMLA | 0 hour(s) / 0 week(s) | 480 hour(s) / 12 week(s) |
| STD | | |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

Short Term Disability or Weekly Indemnity benefits have been approved as shown above. You will be notified if there are any changes.

*Please be aware that Cigna does not share information about your medical condition with the company for any purpose other than to manage your FMLA request or STD and/or LTD*

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

## Right document

**Cigna.**

Audrey
Cigna
PO Box 20221
Phoenix, AZ 85036-0221

Phone 888.842.4462
Fax 888.412.2221
www.mycigna.com

LOLITA O HARRISON
9428 E SUTON DRIVE
SCOTTSDALE, AZ 85260

April 10, 2018

| | |
|---|---|
| **Name:** | Lolita O Harrison |
| **Incident Number:** | 10546661-01 |
| **Plan Number:** | SHD-0985213 |
| **Plan Name:** | Honeywell International, Inc. |
| **Administered By:** | Life Insurance Company of North America |

Dear Harrison:

We recently completed an updated review of your Short Term Disability (STD) claim and are writing to inform you that your benefits have been extended. Life Insurance Company of North America administers your claim on behalf of Honeywell International, Inc.'s self-insured plan.

Based upon the current medical information on file, STD benefits have been approved through April 20, 2018. Benefits will continue through this date provided you remain disabled as defined in your plan.

If you are not able to return to work by April 22, 2018, please have the enclosed Medical Request Form completed and return it to us. Updated medical information confirming your continued disability should be received by May 4, 2018. If further medical information is not received, we will assume your disability period has ended and your claim will be closed.

We will continue to monitor your claim and will periodically request updated information to confirm your restrictions and limitations. Please be aware that payment of future benefits will depend on confirmation of your continuing disability status, and on other applicable plan provisions.

Please contact our office at 888.842.4462 should you have any questions. You may also access your claim status by visiting www.myCigna.com.



"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company, and not by Cigna Corporation.

## Left Document

STD Claim Manager: Adam Robinson
Phone: 888.842.4462

04/26/2018

Plan/Policy Number: SHD 985213/ SHD 985223
Plan/Policyholder: Honeywell International Inc.
Administered By: Life Insurance Company of North America

STD Incident #: 10546661
FML Leave ID#: 343906015683

Re: Leave Status Determination

Dear Lolita O Harrison,

We received your leave of absence request for Employee Health Condition.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|------|--------------|------|----------|--------|--------|
| FMLA | Continuous Leave | 02/12/2018 | 04/30/2018 | Ineligible | 12 Non-Continuous Months of Service by Leave End Not Met until 05/01/2018 |
| FMLA | Continuous Leave | 05/01/2018 | 05/14/2018 | Approved | |
| STD | Continuous Leave | 02/12/2018 | 04/27/2018 | Approved | |
| STD | Continuous Leave | 04/28/2018 | 05/14/2018 | Pending Determination | |

*If you did not know your leave end date when you filed your leave, the 'Through' date listed above is a default date.

| Plan | Time Used as of 04/26/2018 * | Time Remaining as of 04/26/2018 * |
|------|------------------------------|-----------------------------------|
| FMLA | 0 hour(s) / 0 week(s) | |
| STD | 480 hour(s) / 12 week(s) | |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

Short Term Disability or Weekly Indemnity benefits have been approved as shown above. You will be notified if there are any changes.

Please be aware that Cigna does not share information about your approved medical condition with the company for any purpose other than to manage your FMLA request or STD and/or LTD

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

---

## Right Document

**Fitness for Duty Certification**
**Cigna Leave Solutions®**

This Fitness for Duty Certification must be completed by your Health Care Provider and submitted to your Manager or Supervisor at least two days prior to your return to work for a federal and/or state and/or a company leave.

Date Prepared: 4/26/2018

**This section to be completed by the EMPLOYEE:**

Employee Name: Lolita O Harrison    Employee ID: H243941

Name of Employer: Honeywell International Inc.

Leave Number: 343906015683

Date Leave Began: 02/12/2018

Return To Work Date: May 14 2018

I understand that I cannot return to work without a release from my health care provider.

Employee's Signature: _____    Date: 5/2/18

**This section to be completed by the Health Care Provider:**

I have examined the employee named above and certify that this person is medically able to resume working on: Nov 14 2016

This employee can return to work:  [ ] With No Restrictions  [X] With Restrictions (outline details below)

If the employee is returning with restrictions, please state in detail the employee's restrictions and the duration of these restrictions: Ability to leave her workstation at least one every hour with...

Signature of Health Care Provider: _____

Name of Health Care Provider (Please Print): _____

## Cigna.

**Disability Management Solutions** ℠
**Medical Request Form**

**Cigna Group Insurance**
Life · Accident · Disability
Life Insurance Company of North America
Cigna Life Insurance Company of New York

We are evaluating your patient's disability claim. Please respond to the following questions.
Please provide copies of supporting reports, such as office notes/consultations/testing.
*(Failure to provide the reports may result in delay in the claim determination).*

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by Title I (from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information,' as defined by GINA, includes an individual's family medical history, the results of an individual's or family members' genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

| Claimant Name: Lolita Harrison | Date of Birth: |  |
|---|---|---|
| What is the primary diagnosis? Hiprosteoarthritis MILOD Trochantric Tendinitis. |  |  |
| What is the ICD-9 code? MILO.01, M70.60 |  Is the condition work related? NO |
| What are the specific additional factors impeding return to work, if any? |  |  |

| When did you first treat your patient for this current impairment episode? 7/1/16 | Have you treated your patient for this impairment prior to this episode? ☒ Yes ☐ No if yes, when: |  | Date of last visit: 5/2/18 | When is your patient's next office visit? TBS |

Does treatment plan for this impairment episode include any of the following? (Please list as appropriate and provide supporting documentation)
☐Physical Therapy: _____  ☐Radio diagnosis; Studies: _____
☐ Surgery: _____  ☐Imaging Studies: 5/18/16y
☒Specialty Referral: Orthopedics  ☐Other: _____

Please list all current medications that are related to this impairment or impact return to work. (Please include dosage and frequency)
None

What are the specific restrictions that you have placed on your patient?
At Work: Rotating the normal work schedule and duties. Not mentioned the ability
to sit at 1 from her vest institution of limit range every hour for one
At Home (Activities of Daily Living): _____

Could your patient return to work at this time if accommodations were made for the listed restrictions? ☒ Yes ☐ No
if no, why not?

(if no, based on your experience, what is your best estimate of when your patient can return to work?
With Restrictions: 5/4/18     Without Restrictions: _____

| Physician Name (Please Print): Norman Bixon | Degree & Specialty: PA-C |
| Address: (Street, City, State, Zip Code) 9757 E Bell Rd Scottsdale AZ 85260 | Federal Tax ID#: 46-4289830 |
| Phone: 480-860-5500   Fax Number: 480-860-5511 | Date: 5/2/18 |
| Physician Signature: | |

7 0 0 8 2 0 0 9 6 6 0

---

**LifeScape** ⟶

LifeScape Medical Associates
9757 East Bell Road
Scottsdale
AZ          85260

Name: Ximena
Phone: 480-860-5500 X113   Fax +1-480-404-7866

TO: Bixon-972-3221
ATTN: Adam Robinson
1 pages (including cover)

Sent 5/2/18 at 1:52 PM

Subject: Harrison, Lolita

Comments: LEONE #: 34390060150c23

Also, please update our Dr.'s new direct fax numbers

| Susan Wilder, M.D. | Fx: 480-404-7866 |
| William Strohman, M.D. | Fx: 480-404-7864 |
| Kitten Valdenburg, M.D. | Fx: 480-464-7865 |
| Laurie Pazan, D.O. | |
| Jennifer King, M.D. | Fx: 480-404-7865 (Same as Dr. V.) |
| Norman Bixon, PA-C | Fx: 480-404-7867 |
| | Fx: 480-404-7866 |

Thanks for all your help!

IMPORTANT notice:

This cover sheet and any attached pages may contain confidential and/or privileged information that is protected by federal and state law. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this in error, please notify the sender immediately by telephone to arrange for the return of the documents.

Susan Wilder, M.D.          William Strohman, M.D.
Laurie Pazan, D.O.          Jennifer King, M.D.
                            Kitten Valdenburg, M.D.
                            Norman Bixon, PA-C



Cigna.

Adam
Cigna
PO Box 22221
Phoenix, AZ 85028-9221

Phone 888.842.4462
Fax 866.472.3321

www.mycigna.com

LOLITA O HARRISON
9428 E SUTON DRIVE
SCOTTSDALE, AZ 85260

May 25, 2018

**Name:** Lolita O Harrison
**Employee ID Number:** H243941
**Incident Number:** 10546661-01
**Plan Number:** SHD-0985213
**Plan Name:** Honeywell International, Inc.
**Administered By:** Life Insurance Company of North America

Dear Lolita Harrison:

This letter is about your Short Term Disability (STD) claim. We have separated this letter into subject headings for your ease of reference.

**Will You Receive/Continue to Receive Disability Benefits?**

After completing our review of your claim, we are unable to continue paying benefits beyond April 27, 2018.

**What Provisions of the Disability Plan apply to the Decision on Your Claim?**

According to your Employer's Plan,

" Total Disability" means that an Eligible Employee is prevented by:

(1) accidental bodily injury;
(2) sickness;
(3) mental illness;
(4) substance abuse; or
(5) pregnancy

from performing the essential functions of his own occupation or any job the Employer offers him, other than alternative work duty while the Eligible Employee has a Partial Disability, for which he is reasonably qualified

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.